**Patricia GARRETT, Plaintiff–Appellant,**

v.

**THE UNIVERSITY OF ALABAMA AT BIRMINGHAM BOARD OF TRUSTEES, Defendant–Appellee,**

**The United States of America, Intervenor.**

Milton Ash, Plaintiff–Appellant,

v.

Alabama Department of Youth Services, Defendant–Appellee,

The United States of America, Intervenor.

Nos. 98–6069, 98–6070.

United States Court of Appeals, Eleventh Circuit.

Aug. 16, 2001.

Kirsten Hunt Kowalski, Deborah A. Mattison, Richard J. Ebbinghouse, Sandra B. Reiss, Kirsten Hunt Kowalski, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, Mark B. Stern, Dept. of Justice, Appellate Staff, Civ. Div., Washington, DC, for Appellants.

Lisa Huggins, Gary C. Smith, UAB Office of Counsel, Birmingham, AL, William J. Samford, II, General Counsel/AL Dept. of Youth Services, Mt. Meigs, AL, Alice Ann Byrne, Montgomery, AL, for Appellees.

Alisa Klein, U.S. Dept. of Justice, Civ. App., Washington, DC, for Intervenor.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before ANDERSON, Chief Judge, RONEY, Circuit Judge, and COOK\*, District Judge.

PER CURIAM:

This case is before the Court on remand from the United States Supreme Court, *see Board of Trustees of the Univ. of Alabama v. Garrett,* 531 U.S. 356, 121 S.Ct.

\* Honorable Julian Abele Cook, Jr., U.S. District Judge for the Eastern District of Michigan, sitting by designation.

955, 148 L.Ed.2d 866 (2001), regarding the issue whether two Alabama state agencies were entitled to sovereign immunity regarding claims brought against them under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213. The district court in this case entered summary judgment in favor of the state agencies. Adhering to our intervening decision in *Kimel v. State Bd. of Regents*, 139 F.3d 1426, 1433 (11th Cir.1998), *cert. granted*, 525 U.S. 1121, 119 S.Ct. 901, 142 L.Ed.2d 901, *cert. dismissed*, 528 U.S. 1184, 120 S.Ct. 1236, 145 L.Ed.2d 1131 (2000), we held that the state is not immune from suit under the ADA and reversed the judgment of the district court against plaintiffs. *See Garrett v. University of Ala. at Birmingham Bd. of Trustees*, 193 F.3d 1214, 1218 (11th Cir.1999). The Supreme Court granted certiorari in this case to resolve a split among the Courts of Appeals on this question, and reversed our decision, holding that suits in federal court by state employees to recover money damages by reason of the state's failure to comply with the ADA are barred by the Eleventh Amendment. In *Garrett*, we also held that the "decision under the Rehabilitation Act is also controlled by this Court's decision as to the ADA in *Kimel*." 193 F.3d at 1218. Accordingly, the judgment of the district court regarding both the ADA and the Rehabilitation Act must be affirmed based on the Supreme Court's decision.

AFFIRMED.